ABRAHAM PORTNOFF ET AL., RELATORS, v. FREDERICK
BIGELOW, BUILDING SUPERINTENDENT, ETC., ET AL.,
RESPONDENTS.

Argued May 4, 1926—Decided June —, 1926.

**Zoning—Public Garage in Midst of a Continuous Block of Closely
Built Dwelling-Houses—Prosecutor Has Failed to Show Suffi-
cient Ground for Writ of Mandamus—Zoning Ordinance, Like
Other Ordinances, May be Reasonable in Some Aspects and
Unreasonable in Others—Presumption is That it is Reason-
able, and Burden of Proving Otherwise is on Prosecutor—
Court Unable to Perceive Anything Unreasonable in For-
bidding Large Public Garages so Located.**

On rule to show cause for a *mandamus*.

Before Justices PARKER, BLACK and CAMPBELL.

For the relators, *Harry A. Augenblick*.

For the respondents, *Jerome T. Congleton* and *Charles M.
Myers*.

PER CURIAM.

The relators, owners of land in Newark on the west side of
Belmont avenue, about one hundred· and fifty feet south of
Alpine street, desire to build thereon a public garage to ac-
commodate fifty cars, and in front of it some stores to be
rented for business. With the exception of two stores on
the Alpine street corner, and a row of individual private
garages in the interior of the block, said block is exclusively
residential and entirely built up, as also is the entire block
east of Belmont avenue and directly opposite. Permit was
refused on the ground that the lots in question and surround-
ing territory are zoned for residence purposes, and relators,
conceiving such restriction to be unwarranted in law, apply
for a writ of *mandamus*.

We think they have failed to show sufficient ground for such a writ. *Mandamus* is not awarded except where the legal obligation to perform the act is clear. *Nicholson, &c., Co.* v. *Newark,* 35 *N. J. L.* 396; *Secaucus* v. *Kiesewetter,* 83 *Id.* 227; *Connolly* v. *Smith,* 86 *Id.* 466; *Uszkay* v. *Dill,* 92 *Id.* 327; *Browne* v. *Lee,* 98 *Id.* 1. Relators' claim is, and must be, that the provisions of the zoning ordinance, so far as the same affect the property in question, are an unreasonable exercise of the police power. A zoning ordinance, like other ordinances, may be reasonable in some aspects and unreasonable in others. The presumption is that it is reasonable, and the burden of proving it otherwise is on the prosecutor. *Neumann* v. *Hoboken,* 82 *Id.* 275, 278, and cases cited; *Hench* v. *East Orange,* 2 *N. J. Mis. R.* 510. In the latter case this court refused a *mandamus* to permit the erection of sixteen individual garages. We think the present case still stronger as a basis for similar refusal, as we are quite unable to perceive anything unreasonable about forbidding a large public garage in the midst of a continuous block of closely built dwelling-houses.

The rule to show cause will be discharged, with costs.